## Hudspeth v. Tracey, Judge.

(Decided May 20, 1924.)

### Petition for a Writ of Prohibition Denied.

Prohibition—One Having Submitted Controversy to Lower Court Held Not Entitled to Prohibition.—One who submitted himself to jurisdiction of circuit court by entering motion to be permitted to file pardon obtained by Governor, and to be discharged from custody, will not be permitted to abandon it and have relief in Court of Appeals by way of writ of prohibition against judge of circuit court, he having failed to prosecute his action with diligence before that tribunal, but questions involved must first be

heard by circuit court, or that court must refuse to afford speedy trial.

JOHN T. MURPHY and M. J. BROWN for plaintiff.

FRANK E. DAUGHERTY, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, ORIE S. WARE, Commonwealth Attorney, and EDWARD J. TRACY, County Attorney, for defendant.

OPINION OF CHIEF JUSTICE SAMPSON—Denying writ of prohibition.

The validity of a pardon granted by the Governor of the Commonwealth to the plaintiff, Frank Hudspeth, convicted in the Kenton circuit court of a violation of the Rash-Gullion Act, and fined $300.00 and sentenced to sixty days' confinement in the county jail, is called in question by this proceeding, which is an original one in this court. Hudspeth paid the fine and the Governor granted him a "free and full pardon" as to the jail sentence. Later the Governor becoming convinced that the pardon had been obtained through false representations and other unfair means, undertook to revoke it by an executive order to that effect, basing the revocation upon his belief that the pardon had been obtained through misrepresentations and fraud upon the part of Hudspeth and his friends. In the meantime the Kenton circuit court issued a *capias* for Hudspeth and he was arrested and placed in jail. He then sued out a writ of *habeas corpus* before Judge Harbeson of the Kenton circuit court, but upon hearing the court decided he was not entitled to discharge in that kind of proceeding. Later Hudspeth went before the defendant, Judge Tracey of the Kenton circuit court, and moved for his discharge from custody and in support of that motion filed the pardon granted by the Governor of the Commonwealth; thereupon Orie S. Ware, attorney for the Commonwealth, offered an intervening petition and asked that the Commonwealth be made a party to the motion of the plaintiff Hudspeth in the Kenton circuit court. Without further prosecuting that motion appellant commenced this action in this court, praying a writ of prohibition against Judge Tracey of the Kenton circuit court prohibiting the judge from executing the judgment of the court by confining the plaintiff Hudspeth in the county jail for the sixty-day period of the judgment and from issuing or enforcing any order of commitment predicated

upon that judgment. To this petition defendant Tracey filed response, denying that he had failed or refused to proceed immediately to the hearing of the motion of the plaintiff Hudspeth to be discharged by reason of the pardon, further setting forth that Hudspeth had been tried and convicted in the Kenton circuit court of the offense of having in his possession moonshine whiskey, his punishment being fixed at confinement in the county jail for sixty days and at a fine of $300.00 and cost; that his motion for new trial was overruled and Hudspeth granted an appeal to this court, executed an appeal bond but failed to perfect his appeal and thereby abandoned it; that on March 5, 1924, on motion of the Commonwealth's attorney an order was entered in the Kenton circuit court, over which Judge Tracey presides, directing that a bench warrant issue for the arrest of Hudspeth. Then follows a recitation of all the other facts concerning the filing of the motion to be permitted to file the pardon, and for the discharge of Hudspeth from custody. The response further avers that plaintiff Hudspeth "has not requested a hearing on said motion, and has not moved the court to discharge the defendant under the pardon tendered by plaintiff. Respondent further states that at the time said motion to file said pardon was called, on May 6, 1924, and when said pardon was tendered in open court, the Commonwealth of Kentucky by the attorney general and the Commonwealth's attorney on behalf of the Commonwealth and the Governor, filed in said case an intervening petition and affidavit, or response to said action, in which it was alleged and represented and stated that said Frank Hudspeth had obtained said pardon by false and fraudulent representations and through fraud and misrepresentations practiced upon the Governor and but for which said pardon would not have been granted, alleging, representing and stating that said pardon is void and of no effect, and praying that the same be set aside and cancelled and held for naught; that this respondent, as the presiding judge of said court, when said motion was called, on May 6th, and when said pleading was filed by the Commonwealth of Kentucky, did announce that he was prepared and ready to hear all the facts with reference to said pardon and the manner in which it was obtained, and ready and willing to pass· upon said motion and the facts presented by said plead-

ing and petition as rapidly and quickly as the circumstances would permit; that thereupon by agreement of the parties the case was continued. Respondent, as presiding judge of said court, represents and states that he is now ready and willing to hear said motion to file said pardon and all the facts in relation thereto, and to determine the same in accordance with the law and evidence upon the request of either of said parties to said proceeding.'' To the response was attached a certified copy of the judgment of conviction of defendant Hudspeth.

By reply Hudspeth denied that Judge Tracey was ready and willing to hear the motion and traversed other averments of the response. Affirmatively pleading Hudspeth averred in his reply that the pardon was not obtained through fraud or misrepresentation but upon a certain letter written by the mayor of Covington to the Governor and another by the family physician of Hudspeth to the Governor, which said letters are copied into the reply and made a part of it. In addition to the foregoing the attorney for the Commonwealth filed motion to strike certain paragraphs of the reply and a motion to require plaintiff Hudspeth to elect which cause he would prosecute, the one pending in this court or his motion pending in the Kenton circuit court to file the pardon and to discharge the plaintiff Hudspeth.

This brief recitation of the facts, and the state of the pleadings, will be sufficient for the purpose of this opinion.

The Kenton circuit court is one of general jurisdiction. It had jurisdiction of the questions presented by the motion of plaintiff Hudspeth to file his pardon and to discharge Hudspeth from custody under the judgment in the original prosecution. The plaintiff Hudspeth had submitted himself to the jurisdiction of the Kenton circuit court by entering a motion in that court to be permitted to file the alleged pardon and by reason of said pardon to be discharged from custody. Having selected the forum to which he would submit his controversy the plaintiff Hudspeth will not now be permitted to abandon it and have relief in this court by way of writ of prohibition against the judge of the Kenton circuit court, he having failed to prosecute his action with diligence before that tribunal.

The questions involved must first be heard and determined by the Kenton circuit court, or that court must re-

fuse to afford him a speedy trial before this court would be justified in granting the writ prayed. For the reasons indicated the prayer for writ of prohibition is denied and the petition dismissed.

Whole court sitting and concurring.